# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| ANDREA LISTER, | ) | No. 72525-4-I |
| | ) | |
| Appellant, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| RYAN A. PHAN and JANE DOE | ) | UNPUBLISHED |
| PHAN, husband and wife and the | ) | |
| marital community composed thereof, | ) | FILED: June 13, 2016 |
| | ) | |
| Respondents. | ) | |
| | ) | |

Cox, J. – Andrea Lister appeals from the entry of judgment on a jury's award of damages in a personal injury action. Because Lister's failure to comply with the Rules of Appellate Procedure or provide an adequate record largely precludes review, we affirm the judgment on the jury's verdict.

Lister sued Pham for general and special damages arising from an automobile collision. Pham stipulated to negligence and the case proceeded to trial on the elements of proximate cause and damages. Lister represented herself. The jury returned a special verdict finding that Pham's negligence was the proximate cause of Lister's injuries and awarding Lister $3,500 in past economic damages. The jury declined to award noneconomic damages. The trial court accordingly entered judgment for $3,500 in favor of Lister. Proceeding pro se, Lister appeals.

Pro se litigants are held to the same standards as attorneys and must comply with all procedural rules on appeal.[1] An appellant must provide "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record."[2] It is also the appellant's burden to provide a record sufficient to review the issues raised on appeal.[3] Failure to do so may preclude appellate review.[4]

With few exceptions, Lister has failed to comply with these requirements. Her briefing contains no citations to the record or references to relevant authority. She also provided only a limited portion of the verbatim report of proceedings for the trial. We address her claims to the extent possible given the limits of the record and the legal analysis provided.

Lister contends that the jury instructions were inadequate to inform the jury on the issue of damages. As a result, she claims, the jury awarded her less than the amount she proved at trial. But Lister does not identify which instructions she believes were erroneous. Moreover, there is no evidence in the record that she has provided that Lister objected to the

---

[1] In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993).

[2] RAP 10.3(a)(6).

[3] Story v. Shelter Bay Co., 52 Wn. App. 334, 345, 760 P.2d 368 (1988).

[4] State v. Marintorres, 93 Wn. App. 442, 452, 969 P.2d 501 (1999).

instructions. Such a failure to object waives the issue on appeal.[5] To the extent Lister claims the jury's verdict was not supported by the evidence, she fails to provide a sufficient record for review.

Lister argues that the jury should have awarded her punitive damages. But Lister did not assert punitive damages in her complaint. Nor are they awardable in a personal injury action.[6]

Lister claims that she was not given adequate time to question witnesses at trial. A trial court has broad discretion to manage its proceedings in order to achieve the orderly and expeditious disposition of cases, including "the mode and order of interrogating witnesses and presenting evidence."[7] An abuse of discretion occurs only when the decision of the court is manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons.[8] The limited portion of the record designated by Lister does not show such an abuse of discretion. The trial court curtailed Lister's examination only when Lister asked irrelevant questions or continued to argue with a witness despite repeated admonishments to cease doing so.

---

[5] RAP 2.5(a); Ryder v. Kelly-Springfield Tire Co., 91 Wn.2d 111, 114, 587 P.2d 160 (1978).

[6] Zuver v. Airtouch Commc'ns, Inc., 153 Wn.2d 293, 329, 103 P.3d 753 (2004).

[7] RCW 2.28.010; ER 611(a).

[8] Weyerhaeuser Co. v. Commercial Union Ins. Co., 142 Wn.2d 654, 683, 15 P.3d 115 (2000).

We affirm the judgment on the jury's verdict.

_Cox, J._

WE CONCUR:

_Trickey, ACJ_  _Leach, J._